United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM STEVEN MULDER,<br><br>Defendant. | Case No.: CR 09-01065-1 PJH (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

### I. Background

On January 4, 2013, the Court held a hearing on the Government's motion to detain Defendant William Steven Mulder pending his supervised release violation hearing. Defendant was present and in custody, and was represented by his attorney, David Shapiro. Assistant United States Attorney James Mann appeared on behalf of the Government. Probation Officer Darnell Hammock was also present. For the reasons explained below, the Court orders that Defendant be detained pending his supervised release violation hearing.

Defendant was originally sentenced to 21 months in custody and 3 years of supervised release on April 13, 2010 for being a felon in possession of a firearm. Defendant had one prior Form12 filed on May 24, 2012, which was subsequently withdrawn by the probation officer, alleging that Defendant had violated the following conditions of his supervised release: that he not associate with any Eastern Hill or Project Trojan gang members; that he notify the probation officer within 72 hours of being questioned by law enforcement; that he participate in a drug abuse treatment program; and that he not use controlled substances.

On October 23, 2012, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed, alleging that Defendant had failed to notify his probation officer of his change of address. Judge Hamilton modified the conditions of supervised release to

include the condition that Defendant consent to be electronically monitored and restricted to his residence for 45 days, as directed by the probation officer.

On November 13, 2012, Defendant's probation officer filed a Form 12 petition. The petition alleges that Defendant violated the following conditions of his supervised release: that he not associate with persons engaged in criminal activity, or any person convicted of a felony, unless granted permission by his probation officer; that he notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and that he not possess a controlled substance. On November 7, 2012, Defendant was detained and questioned by Oakland police officers during a traffic stop of a vehicle he was a passenger in. Another passenger in the car was on a term of supervised release for a firearms offense, and did not have permission to be in the Northern District. In the car was a gun and a gun magazine. Defendant was the only passenger in the back seat of the vehicle, and the officers found marijuana on the floor by Defendant's feet. Defendant did not tell his probation officer about this incident.

Based on this information, Judge Hamilton issued a no bail warrant for Defendant's arrest on November 16, 2012.

**II.    Analysis**

Because Defendant is charged with a supervised release violation, it is his burden to establish by clear and convincing evidence that he is not a flight risk or a danger to the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143. After considering the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a flight risk.

It appears that Defendant has not complied with the conditions of his release. According to his Probation Officer, Hammock, Defendant never complied with the condition imposed by Judge Hamilton in October that he be electronically monitored and restricted to his residence for 45 days. According to Hammock, Defendant has been difficult to reach. Defendant is also affiliated with a street gang. Given that Defendant appears not to have made any effort to communicate with his probation officer or comply with the new condition of his supervised release, and did not present evidence showing that he is not a flight risk or a danger to the

community, the Court finds that he has not met his burden of showing by clear and convincing evidence that he is not a flight risk or a danger to the community.

### III. Conclusion

Defendant shall be detained pending his supervised release violation hearing. For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 11, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 09-01065-1 PJH (KAW)                                    3